# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50279
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MARIO GARZA-MEDRANO, also known as John Garza, also known as Michael Garza, also known as Juan Guerro

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-471-1

Before KING, DAVIS, and SMITH, Circuit Judges.

PER CURIAM:*

Juan Mario Garza-Medrano argues that the imposition upon the revocation of his supervised release of a 24-month prison sentence, which is above the guidelines policy range but at the statutory maximum, is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He contends that in imposing the above-guidelines sentence, the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50279

overemphasized his immigration history, which consisted of only two prior illegal reentry offenses.    He further asserts that the district court overemphasized his prior convictions for assault, which were serious, but mainly misdemeanors.    Garza-Medrano requests this court to vacate his sentence.

In addition, to preserve the issue for further review, Garza-Medrano, relying upon *United States v. Booker*, 543 U.S. 220 (2005), argues that revocation sentences should be reviewed for "reasonableness."    However this court reviews such sentences under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).    Revocation sentences exceeding the policy statements range but not exceeding the statutory maximum have been upheld as a matter of routine and are not plainly unreasonable. *See United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009).    In this case, the sentencing court noted Garza-Medrano's recidivism when it imposed the sentence.    The need for a sentence to afford adequate deterrence to criminal conduct is a proper factor for consideration. 18 U.S.C. §§ 3583(e), 3553(a)(2)(A).    Accordingly, Garza-Medrano's revocation sentence was not plainly unreasonable. *See Miller*, 634 F.3d at 843.

AFFIRMED.